## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**KELLY DORE, INDIVIDUALLY, AND ON
BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF JOHNNY EARL DORE**                    **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO.** _3:21-cv-130-TSL-RPM_

**JACKSON HMA, LLC
d/b/a MERIT HEALTH CENTRAL,
AND JOHN DOES 1-10**                                **DEFENDANTS**

### COMPLAINT

### JURY TRIAL REQUESTED

COMES NOW, Plaintiff Kelly Dore, Individually, and on Behalf of the Wrongful Death

Beneficiaries of Johnny Earl Dore, and files her Complaint in this civil action against the above-

named Defendants. In support thereof, Plaintiff states as follows:

### PARTIES

1.    Plaintiff Kelly Dore (hereinafter "Plaintiff" or "Dore") is an adult resident citizen

of Adams County, Mississippi, residing at 204 Cottage Drive, Natchez, Mississippi 39120.  She is

the widow of Johnny Earl Dore, Deceased, who was an adult resident citizen of Adams County at

the time of his death.

2.    Defendant Jackson HMA, LLC d/b/a Merit Health Central (hereinafter

"Defendant" or "Merit Central") is and was at all times relevant hereto a Mississippi limited

liability company licensed in and by the state of Mississippi.  Per the Mississippi Secretary of

State, its' members are Martin G. Schweinhart, Kevin J. Hammons, Benjamin C. Fordham, and

1

Tim L. Hingtgen, all of whom are located at 4000 Meridian Boulevard, Franklin, Tennessee 37067, and are resident citizens of the state of Tennessee. As its' members are resident citizens of Tennessee, Jackson HMA, LLC d/b/a Merit Health Central is deemed to be a resident citizen of Tennessee. Defendant Merit Health Central may be served with process of the Summons and Complaint through its registered agent, CSC of Rankin County, Inc., at Mirror Lake Plaza, 2829 Lakeland Drive, Suite 1502, Flowood, MS 39232.

3.      Defendants John Does 1-10 are as yet unknown individuals and/or entities that may be liable to Plaintiff for the damages alleged herein. The names and capacities of Defendants John Does 1-10 inclusive, whether individual, corporation or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by fictitious names and will further seek leave of court to amend this Complaint to show their true names and capacities when and if the same are ascertained. Plaintiff alleges upon information and belief that each of the Defendants designated herein as a John Doe is responsible in some manner and liable herein to Plaintiff by reason of negligence, gross negligence, wanton and reckless conduct, and/or in some other manner, and by such wrongful conduct, said Defendants John Does 1-10, proximately caused the injury and damage to Johnny Earl Dore as set forth herein.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, based on complete diversity of citizenship between the parties and with the amount in controversy exceeding $75,000.

5.      Venue is proper in this action pursuant to 28 U.S.C. §1391 based on a substantial part of the acts and/or omissions by Defendant's employees and/or agents giving rise to the claim stated herein having occurred or been committed within the geographical area encompassed by the

United States District Court for the Southern District of Mississippi, specifically the Northern Division thereof.

6.    This Court has jurisdiction over this action and the parties based on this action arising from acts by Defendant's employees and/or agents committing a tort within the judicial district in which this action has been commenced.

7.    Venue is proper in this action specifically based on a substantial part of the events and acts and/or omissions by Defendant's employees and/or agents giving rise to this action having occurred or been committed in the judicial district in which this action has been commenced.

## NOTICE OF CLAIM AND CERTIFICATION OF CONSULTATION

8.    Proper written notice of intention to file this action has been provided to Defendant Merit Health Central, via certified mail return receipt requested, pursuant to the Miss. Code Ann. §15-1-36(15).  *See Plaintiff's Notice of Intention to Sue and Certified Mail Receipt, attached hereto as cumulative Exhibit "A."*

9.    Further attached hereto is a Certificate of Consultation pursuant to the requirements of Miss. Code Ann. §11-1-58(1)(a).

## FACTS

10.    At all times material herein, Defendant Merit Health Central was a medical treatment facility engaged in the business of providing medical care and treatment by and through its approved medical staff, agents, servants, and/or employees.  At all times material herein, all medical personnel and/or staff were either employed by Defendant Merit Health Central or were agents/servants of Defendant Merit Health Central, acting in the course and scope of that employment and/or agency relationship, whose actions caused and/or contributed to the injuries sustained by Johnny Earl Dore.

3

11.     Defendants John Does 1-10 were persons involved in the care and treatment of Johnny Earl Dore whose actions caused and/or contributed to the injuries sustained by him. Their identities are as yet unknown. In the event they are identified during the course of discovery, and substantial legal basis exists for naming them as Defendants in this action, they will be so named.

12.     On or about October 22, 2020, Johnny Earl Dore, a 58 year old male was transferred to Merit Health Central, from an outside facility with a chief complaint of inability to move his arms and legs and a diagnosis of atrial fibrillation. Mr. Dore was admitted to the service of Dr. Iliya Arthur Udler who, upon information and belief, was an employee of Merit Health Central acting within the course and scope of his employment during the care and treatment of Mr. Dore.

13.     Mr. Dore was initially evaluated by Dr. Paul Alleyne who, upon information and belief, was also an employee of Merit Health Central acting within the course and scope of his employment during the care and treatment of Mr. Dore. Dr. Alleyne was aware of Mr. Dore's complaints and his elevated risk for deep vein thrombosis ("DVT") development. As part of his treatment plan, Dr. Alleyne planned to start full anticoagulation therapy; however, anticoagulation therapy was not ordered or initiated. Sequential compression devices ("SCD's") and Ted hose to bilateral lower extremities were ordered; however, the nursing staff did not place either on Mr. Dore. As a result, Mr. Dore received no treatments to prevent DVT formation.

14.     On October 27, 2020, Mr. Dore began complaining of severe pain in his right lower extremity. No further assessment or testing was completed by any of his medical providers to determine the source of his pain at that time. Later that same day, he experienced a syncopal episode during physical therapy wherein he became diaphoretic and unresponsive. He was evaluated and treated for a presumed cardiac condition without any further investigation or evaluation for a pulmonary embolism. The SCD's previously ordered on October 22nd were

4

ordered for a second time and were eventually placed on the evening of October 27th despite Mr. Dore's complaints of calf pain.

15.      An occupational therapist noted on the morning of October 28th that Mr. Dore complained of severe right calf pain and noted a positive Homan's sign to the right lower extremity.  An ultrasound revealed an acute occlusive DVT in the right superficial femoral vein to the posterior tibial vein and a DVT from the external iliac to the tibial vein of the left extremity. STAT CTA Chest PE protocol was ordered at 5:37 pm; however, the order was not carried out by the nursing staff until 2:54 am on October 29th.  Results of the CTA indicated a saddle embolism at the main pulmonary bifurcation extending into segmental and subsegmental branches of the bilateral upper and lower lobe arteries.

16.      At 4:02 am, the CT results were communicated to cardiology.  Cardiology took no action, but instead advised the floor nurse to notify the on-call hospitalist to assess the patient.  No further medical intervention to immediately address the extensive PE was ordered or instigated at this time.   The nurse then paged the on-call hospitalist but never received a call back. Approximately three hours later, Mr. Dore began experiencing another syncopal episode.  Mrs. Dore left the room to locate a nurse for assistance.  Upon return, they discovered that Mr. Dore was pulseless, and a code was called.  Mr. Dore never regained consciousness and was pronounced dead at 7:27 am.  His cause of death was noted to be acute bilateral saddle pulmonary embolism due to or as a consequence of Guillain Barre syndrome.

## CAUSES OF ACTION

## NEGLIGENCE

17.      At all times relevant to this cause of action, the Defendants owed Johnny Earl Dore a duty to provide accurate and timely medical diagnoses and treatment based on all known

or knowable circumstances. Defendants further owed to Johnny Earl Dore a duty to exercise that degree of medical care of a reasonably prudent person, as well as that degree of skill, care, and competence normally exercised by minimally competent, reasonably prudent healthcare providers under the same or similar circumstances. The Defendants failed to exercise the requisite degree of care, were negligent, and breached said duties owed to Johnny Earl Dore. As a direct result of the collective negligence of Defendants, Johnny Earl Dore suffered an untimely and painful death on October 29, 2020.

18.     Plaintiff alleges that at all times material herein, Defendant Merit Health Central had an independent, non-delegable duty to:

    a.     Provide quality health care services consistent with national and state standards;

    b.     Render medical care and treatment, by and through its physicians, medical staff, and nursing personnel, in accordance with national and state standards;

    c.     Properly diagnose and treat, by and through its physicians, medical staff and nursing personnel, the conditions presented by Johnny Earl Dore on or about October 22-29, 2020;

    d.     Hire, train, and staff physicians, nurses, and other medical personnel who provide health care services consistent with the nationally recognized minimum standards of competency;

    e.     Maintain, implement, and enforce adequate standards, policies, and procedures for physicians, nurses, and all other medical staff to provide competent medical care and for the provision of appropriate medical care by its properly credentialed physicians, nurses, and medical personnel to properly treat conditions

such as those presented by Johnny Earl Dore on October 22-29, 2020;

f.      Provide oversight and management of its nursing and medical staff to ensure that appropriate medical care was provided to Johnny Earl Dore by its nursing and medical staff to properly treat conditions such as those presented by Johnny Earl Dore;

g.      Exercise oversight, management, and control to ensure that appropriate medical treatment and procedures were properly provided to Johnny Earl Dore as his condition warranted; and

h.      Provide the degree of reasonable care and attention to Johnny Earl Dore as his condition so required.

19.     Defendant Merit Health Central, as well as its employees and/or agents, breached each of the duties set out above, which were owed to Johnny Earl Dore.  As a direct result of Defendant's negligence, Johnny Earl Dore suffered an untimely and painful death on October 29, 2020.

20.     Additionally, Plaintiff asserts that the actions and/or inactions of Defendants evidence such reckless conduct as to be deemed gross negligence under the applicable laws of the state of Mississippi.

21.     The negligence, gross negligence, and/or reckless conduct of Defendants in failing to adhere to the minimum standards of care as set out above is the direct and proximate cause of the injuries to Johnny Earl Dore, his resulting death, and all damages allowed by law, which resulted therefrom.

## VICARIOUS LIABILITY

22.    Defendant Merit Central is legally responsible for the tortious conduct of its employees and/or agents under the legal doctrines of *respondeat superior* and ostensible agency.

## DAMAGES

23.    As a direct and proximate result of Defendants' negligence, Johnny Earl Dore suffered serious injuries, which resulted in his untimely death.  Plaintiff Kelly Dore, individually, and on behalf of the wrongful death beneficiaries of Johnny Earl Dore, is entitled to recover all damages incurred, including but not limited to loss of income, loss of consortium, pain and suffering, emotional distress, and the loss of love and companionship of her husband, Johnny Earl Dore.  The wrongful death beneficiaries of Johnny Earl Dore, upon judicial determination, are entitled to recover pain and suffering, emotional distress, loss of income, and for their loss of love and companionship of Johnny Earl Dore.  Further, Plaintiff Kelly Dore, and the wrongful death beneficiaries of Johnny Earl Dore, are entitled to recover any other element of damages allowed to be recovered under the applicable laws of the State of Mississippi, including but not limited to punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a trial by jury, an award of compensatory damages in an amount within the jurisdictional limits of this Court, as well as punitive damages, court costs, post-judgment interest, and such other relief as they may be deemed to be entitled in the premises.

This, the 21st day of February, 2021.

Respectfully submitted,

**KELLY DORE, INDIVIDUALLY, AND
ON BEHALF OF THE WRONGFUL
DEATH BENEFICIARIES OF JOHNNY
EARL DORE**

By Her Attorneys,

SIMMONS DALLAS, PLLC

By: _____
    A. Bryan Smith III

Heber S. Simmons III, MB No. 8523
A. Bryan Smith III, MB No. 100008
**SIMMONS DALLAS, PLLC**
240 Trace Colony Park Drive, Suite 200
Ridgeland, MS 39157
Telephone: (601) 933-2040
Facsimile: (601) 933-2050

9

## **CERTIFICATE**

I hereby certify that I have consulted with a physician expert who is qualified to give expert testimony as to the standard of care and is knowledgeable of the relevant issues involved in this cause of action, and that as a result of said review and consultation, I have concluded that there is a reasonable basis for the commencement of this action.

This, the 22nd day of February, 2021.

A. Bryan Smith III
MB No. 100008